UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANNY PRICE and ANDRE D'ALPHA BROWN,

                               Plaintiff,                                **REPORT & RECOMMENDATION**
        - against -                                                        13 CV 5966 (SLT)(LB)

ALLSTAR READY MIX CORP. and FRANK ALFIERO,

                               Defendants.
-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       This case has been referred to me for all pretrial purposes. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute.

## BACKGROUND

       Plaintiff Danny Price, through counsel, initiated this action pursuant to the Fair Labor Standards Act by filing a complaint on October 29, 2013. (ECF No. 1.) Defendants timely answered and, with Defendants' consent, Plaintiff Price amended his complaint. (ECF No. 22.) After Plaintiff Andre D'Alpha Brown opted into the action, in October 2014, Plaintiffs filed a Second Amended Complaint. (ECF No. 37.) Counsel for Defendant Allstar Ready Mix Corp. ("Allstar") withdrew from the matter. (ECF No. 49.) The Court directed Allstar to retain new counsel because a corporation cannot appear *pro se*, and to respond to Plaintiffs' Second Amended Complaint by February 16, 2015. (Id.) Allstar failed to retain substitute counsel and, upon Plaintiffs' request, the Clerk of Court entered Allstar's default on April 15, 2015. (ECF Nos. 52, 53.) Defendant Alfiero also failed to respond to Plaintiffs' Second Amended Complaint, but Plaintiffs did not seek entry of default against him. (See ECF No. 52.)

       By Order dated August 12, 2015, the Court noted that discovery had ended on April 15, 2015. The Court directed Plaintiffs to file any request for entry of default against Alfiero by August 19, 2015, or, if Plaintiffs intended to make a dispositive motion, to request a pre-motion conference by August 26, 2015. The Court warned that if Plaintiffs failed to take action to prosecute this case by August 26, 2015,

I would recommend that the case should be dismissed for failure to prosecute. To date, Plaintiffs have not contacted the Court.

## DISCUSSION

A plaintiff has the duty to process his case diligently. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); Clarke v. City of New York, No. 13 CV 5303, 2015 U.S. Dist. LEXIS 163771, at *2 (S.D.N.Y. Dec. 7, 2015). Under Federal Rule of Civil Procedure 41(b), the Court may *sua sponte* dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see also Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-32 (1962)). In determining whether dismissal for failure to prosecute is appropriate, the Court considers: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating the Court's calendar congestion and protecting a party's right to due process and an opportunity to be heard; and (5) the efficacy of lesser sanctions. Lewis, 564 F.3d at 576; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)), vacated on other grounds by 320 F. App'x 1 (2d Cir. 2009). Here, Plaintiffs have taken no action regarding Defendant Alfiero's failure to respond to the Second Amended Complaint, and, despite the court's order, have taken no further action after the entry of Defendant Allstar's default. Plaintiffs' failure to take action to prosecute this case since April 15, 2015, and failure to comply with the Court's order to take action, militate in favor of dismissing this case.

The Court also warned Plaintiffs, who are represented by counsel, that if they failed to act by August 26, 2015, I would recommend that this case should be dismissed. (ECF Entry at 8/12/2015.) The notice factor therefore also tips in favor of dismissing Plaintiffs' action. See Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). The third factor analyzes whether Plaintiffs' failure to prosecute prejudiced the defendant. Because neither defendant has responded to the Second Amended Complaint, this factor is neutral. However, the balance between the Court's calendar obligations and Plaintiffs' right to be heard weighs more strongly in favor of dismissing this action. Plaintiffs have made no effort to comply with the Court's order to prosecute this case, despite a warning that the case would be dismissed. Further warnings are futile as the Court presumes Plaintiffs understood the consequences of their failure to comply with the Court's August 2015 Order. No lesser sanction would likely be effective and dismissal at this juncture is appropriate.

The Court is aware that a Rule 41(b) "dismissal is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). However, Plaintiffs herein have failed to comply with the Court's order and have not contacted the Court since April 15, 2015. Plaintiffs have apparently abandoned the action. No lesser sanction than dismissal is appropriate under the circumstances.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Second Amended Complaint should be dismissed without prejudice. The Clerk of Court shall send a copy of this Order to Defendants at the following addresses:

Allstar Ready Mix Corp.  
60 Morgan Avenue  
Brooklyn, NY 11237

Frank Alfiero  
6 Grove Street  
Lindenhurst, NY 11757

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom  
_____  
LOIS BLOOM  
United States Magistrate Judge

Dated: February 8, 2016  
      Brooklyn, New York