UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DANNY PRICE and ANDRE D'ALPHA BROWN,

         Plaintiffs,

      -against-

ALLSTAR READY MIX CORP. and
FRANK ALFIERO,

         Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-cv-5966 (SLT) (LB)

**TOWNES, United States District Judge:**

    On October 29, 2013, Plaintiff Danny Price filed a complaint against Defendants Allstar Ready Mix Corporation ("Allstar") and Frank Alfiero ("Alfiero") alleging violations of federal and state wage laws. (ECF No. 1.) On April 2, 2014, Plaintiff filed an Amended Complaint. (ECF No. 22.) In October 2014, Andre D'Alpha Brown opted into this action as a plaintiff. Plaintiffs subsequently filed a Second Amended Complaint on October 30, 2014. (ECF No. 37.) After Allstar's attorney withdrew as counsel and it failed to respond to the Second Amended Complaint, the Clerk of the Court granted Plaintiffs' request for an entry of default and issued a Certificate of Default against Allstar. (ECF No. 53.) Alfiero has not yet responded to the Second Amended Complaint.

    On August 12, 2015, Magistrate Judge Lois Bloom ("Judge Bloom") noted that discovery had closed on April 15, 2015, and ordered that any request from Plaintiffs for an entry of default against Alfiero had to be made by August 19, 2015, or, alternatively, that Plaintiffs had to file by August 26, 2015, any request for a pre-motion conference concerning filing dispositive motions. Judge Bloom further ordered that "[i]f Plaintiffs do not take action to prosecute the case by August 26, 2015, I shall recommend that the case should be dismissed for failure to prosecute."

    On February 8, 2016, Judge Bloom filed and served via ECF a Report and Recommendation ("R&R") recommending, under 28 U.S.C. § 636(b), that the case be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No.

59.)  The R&R also noted that thus far, Plaintiffs had not contacted the Court.  (*Id.* at 2.)  On February 9, 2016, the R&R was mailed to each Defendant.  Written objections to the R&R were due within 14 days of service.  28 U.S.C. § 636(b)(1)(C).  No objections have been filed.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

Although not required to do so, this Court has reviewed Judge Bloom's R&R for clear error on the face of the record.  The Court finds no clear error and, therefore, adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Bloom's R&R dated February 8, 2016, recommending that Plaintiffs' case be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), is adopted in its entirety.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: March 30 , 2016
Brooklyn, New York